UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL C. LOGAN,

    Plaintiff,                                  Civil Action No.
                                                    13-CV-12807

v.

                                                    Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES

This is a social security case. On May 29, 2014, the Court granted summary judgment in favor of Plaintiff and remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Now before the Court is Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, *et seq*. Plaintiff seeks a total attorney-fee award of $8,468.13, calculated as follows: 38.25 hours of work in 2013 at an hourly rate of $185.59 (equaling $7,098.82), and 7.25 hours of work in 2014 at an hourly rate of $188.87 (equaling $1,369.31).

The EAJA provides, in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Plaintiff is a "prevailing party" for purposes of § 2412(d)(1)(A) because she obtained a sentence four remand reversing the denial of benefits and requiring

further administrative proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302, 113 S. Ct. 2625, 2630-2632 (1993). Defendant does not argue that its position in this matter was substantially justified; it argues only that the number of hours claimed by Plaintiff's attorney, Robert F. Samoray, is excessive, and that Mr. Samoray failed to adequately justify his request to be compensated at an hourly rate above the statutory amount of $125. The Court addresses these arguments, in turn.

Defendant first argues that the number of hours spent on this case by Mr. Samoray is excessive. Specifically, Defendant focuses on the fact that Mr. Samoray spent more than eleven hours on the case before a scheduling order was issued, and argues that this number is excessive because substantive work does not typically begin in social security appeals until the motion briefing stage. Defendant also argues that the number of hours spent by Mr. Samoray on the phone talking to his client, his client's former attorney, and the U.S. Marshals is excessive.

Counsel for the prevailing party must exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-1940 (1983). The party seeking fees has the burden of proving that the fees requested are reasonable. *Id.* at 437, 103 S. Ct. at 1941.

The itemized statement of legal services attached to Plaintiff's motion indicates that Mr. Samoray spent between five hours and thirty minutes and eight hours and forty-five minutes on the phone with his client during this litigation,[1] forty-five minutes on the phone with Plaintiff's previous attorney who represented Plaintiff during the administrative proceedings, and fifteen

---

[1] Precisely how much time Mr. Samoray devoted to speaking with Plaintiff on the phone cannot be discerned from Mr. Samoray's itemized statement of legal fees, as several tasks are sometimes commingled in a single time entry.

2

minutes on the phone with the U.S. Marshals. In his reply brief, Mr. Samoray explains that this was an "unusual case" for him because another attorney represented Plaintiff during the administrative proceedings, thus requiring Mr. Samoray to take extra time to familiarize himself with the case in the initial stages of this litigation. Mr. Samoray states in his reply brief that he "thought it would be prudent" to discuss the case with Plaintiff's previous attorney and with Plaintiff.

The Court concludes that Mr. Samoray's decision to consult Plaintiff and Plaintiff's previous attorney was certainly reasonable, especially in light of the fact that Mr. Samoray did not represent Plaintiff during the administrative proceedings. *See Menter v. Astrue*, 572 F. Supp. 2d 563, 565 (D.N.J. 2008) ("[M]ore time may be required of a[] [social security] appeal, particularly when counsel is not retained until the appellate stage."). However, the Court agrees with Defendant that the number of hours spent by Mr. Samoray speaking to Plaintiff was excessive. As stated, Mr. Samoray spent between five hours and thirty minutes and eight hours and forty-five minutes on the phone with Plaintiff. Even assuming the actual time spent talking to Plaintiff was on the lower end of this range, the Court is unable to ascertain the need for such extensive discussions in a case where all of the relevant information was contained in the administrative record. *Bass v. McMahon*, 499 F.3d 506, 512-513 (6th Cir. 2007) (scope of district court's review is limited to an examination of the record only). This impression is bolstered by the Court's review of the briefs submitted by Mr. Samoray on Plaintiff's behalf. Having reviewed the submissions, it appears that the contents thereof were gleaned entirely from the administrative record.

In short, Mr. Samoray has not discharged his burden of demonstrating that such lengthy conversations with Plaintiff were not "excessive, redundant, or otherwise unnecessary[.]"

*Hensley*, 461 U.S. at 434, 437, 103 S. Ct. at 1939-1940, 1941. Due to this failure, the Court concludes that a three-hour reduction is appropriate. With this reduction, the Court is still allowing Mr. Samoray to claim between two hours and thirty minutes and five hours and forty-five minutes of phone time with Plaintiff – an amount that the Court deems reasonable under the circumstances here.

In addition, the Court agrees with Defendant that the number of hours spent by Mr. Samoray on this case before substantive briefing took place was slightly excessive, even given Mr. Samoray's initial unfamiliarity with the case. For example, no attempt has been made to justify Mr. Samoray's devotion of fifteen minutes to review each of the following orders, the longest of which contains only a few sentences: the court notice on June 26, 2013; the court order on July 15, 2013; the U.S. Marshal acknowledgment on July 16, 2013, and defense counsel's appearance on September 6, 2013. The Court, therefore, reduces Plaintiff's fee claim by another hour, as the Court finds that Mr. Samoray's billing for review of the aforementioned orders is fairly characterized as excessive. Finally, despite Defendant's contrary position, the Court concludes that the limited time spent by Mr. Samoray talking to the U.S. Marshals (fifteen minutes) and Plaintiff's previous attorney (forty-five minutes) was reasonable.

The Court now turns to Mr. Samoray's argument that he is entitled to attorney fees at an hourly rate above the statutory rate of $125. Fee awards under § 2412(d)(1)(A) are limited to the sum of $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). A plaintiff seeking a higher rate bears the burden of producing appropriate evidence to support the requested increase. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). "Plaintiffs must 'produce satisfactory

4

evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 1547 n.11 (1984)).

In support of his request to be compensated at an hourly rate above the $125 statutory rate, Mr. Samoray initially relied only on the Department of Labor's Consumer Price Index (CPI) Inflation Calculator, *see* http://www.bls.gov/data/inflation_calculator.htm (last visited Jul. 10, 2014), which reflects that the buying power of $125 in 1996 (the year in which the $125 statutory rate was set) is $185.59 in 2013 and $189.53 in 2014. This corresponds to the hourly rates sought by Mr. Samoray for his work on this case in 2013 and 2014, respectively. In its response brief, Defendant points out, correctly, that reliance on the CPI Inflation Calculator is alone insufficient to warrant a fee award greater than the statutory amount of $125 per hour under Sixth Circuit case law. *See Bryant*, 578 F.3d at 450 (holding that reliance on the CPI to support a higher hourly fee is insufficient evidence to support an award above the statutory amount). In his reply brief, Mr. Samoray cites two additional items of evidence. He first references an economic survey by the State Bar of Michigan apparently indicating that (1) "the median level for attorney billings in [his] attorney representative bracket (solo practitioner, office practice) is $200.00 per hour and the mean $214.00"; and (2) "For practitioners in the area of Administrative Law, the median is $225.00 hourly and the mean is $243.00 per hour." However, Mr. Samoray does not attach this study to his brief and does not provide a citation to it. Second, Mr. Samoray cites an American Bar Association (ABA) article, *see* Debra Cassens Weiss, Hourly Rates Continue to Climb, ABA Journal (Mar. 5, 2012), for the proposition that, in 2011, the national average hourly billing rate for partners was $661 and $445 for associates.

5

The Court denies Mr. Samoray's request to be compensated at a rate above the $125 statutory rate. In his motion, Mr. Samoray relied only on the CPI Inflation Index, which he knew or should have known is alone insufficient to justify a rate increase above $125 under prevailing case law. The Court is not inclined to consider the additional evidence offered by Mr. Samoray in his reply brief, given that he fails to explain why that evidence was not initially cited in the papers accompanying his motion.[2] In any event, even if it were inclined to consider the new evidence referenced in Mr. Samoray's reply brief, the Court would still deny the request for compensation above the $125 statutory rate because Mr. Samoray has not provided the Court with a copy of – or even a citation to – the State Bar of Michigan study to which he refers, and the ABA article is irrelevant because it discusses only general attorney billing rates among all attorneys in the country, and not rates assessed in the present community for services similar to the those rendered in this case. In other words, the Court cannot examine the content of the State Bar of Michigan article to assess its relevance, and the ABA article is much too general to be helpful.

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for attorney fees as follows: Plaintiff is awarded attorney fees under the EAJA for 41.50 hours at an hourly rate of $125, for a total fee award of $5,187.50.

**SO ORDERED.**


Dated: July 22, 2014                               s/PATRICK J. DUGGAN
                                                   UNITED STATES DISTRICT JUDGE

---

[2] Mr. Samoray's decision to wait until the reply stage of the briefing to proffer the additional two items of evidence deprived Defendant of the opportunity to address that evidence.

Copies to:

Robert F. Samoray, Esq.
Elizabeth J. Larin, Esq.
Russell Cohen, Esq.